**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JON FREY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>FRONTIER UTILITIES NORTHEAST LLC and ENERGY ACQUISITIONS GROUP LLC,<br><br>       Defendants. | Case No. 2:19-cv-02372-KSM |

**[PROPOSED] ORDER GRANTING PLAINTIFF JON FREY'S MOTION FOR EXTENSION OF DEADLINES**

      **AND** NOW, this _____ day of _____, 2020, upon consideration of Plaintiff Jon

Frey's Motion for Extension of Deadlines and any responses or replies thereto, it is hereby

**ORDERED** that the Motion is **GRANTED.**


_____
The Honorable Karen S. Marston
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JON FREY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FRONTIER UTILITIES NORTHEAST LLC and ENERGY ACQUISITIONS GROUP, LLC,<br><br>    Defendants. | Case No. 2:19-cv-02372-KSM |

## PLAINTIFF JON FREY'S MOTION FOR EXTENSION OF DEADLINES

Plaintiff Jon Frey ("Plaintiff") hereby moves for an extension of the deadlines for fact discovery, class certification, and Plaintiff's expert report set forth in the Scheduling Order (Doc. 26).[1][2]   Good cause exists for the extension because Plaintiff has exercised the utmost diligence in this case.  Despite that diligence, due to Defendants withholding necessary discovery from him, he was unable to meet these deadlines.  The Court should therefore grant Plaintiff's Motion.

## FACTUAL BACKGROUND

Plaintiff filed the original Complaint in this action on May 31, 2019 naming Frontier Utilities Northeast LLC ("Frontier") as a defendant along with a John Doe Defendant.  (*See* Doc. 1.)  The John Doe Defendant could not be identified prior to filing the Complaint because the entity it hired to place the call at issue, which we now know is an overseas company called "Team Odd Jobs," hides its true

---

[1] Plaintiff previously moved to extend these deadlines (*see* Docs. 55, 67); however, pursuant to the Court's July 21, 2020 Order, he hereby files another motion consolidating these requests and including additional reasons these deadlines should be extended given the current status of the case.

[2] Plaintiff also moved earlier today for a stay pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511.  He believes the Court should stay the case and determine a new schedule after the Supreme Court issues its ruling, but in the event the case is not stayed, Plaintiff believes the three-month extension he previously requested is a sufficient amount of time to meet the deadlines at issue.

identity from consumers, deliberately misleading them by using fake caller ID information for PECO Energy rather than its own caller ID information.  (*See id*, ¶¶ 41-52.)  Plaintiff granted Frontier a one-month extension to respond to the Complaint, and Frontier then filed a motion to dismiss on July 29, 2019.  On August 6, 2019, Plaintiff informed Frontier that he was considering filing an amended complaint but, either way, requested identification of the John Doe Defendant named in the initial complaint, given that it appeared that Frontier had obtained a transcript of the call from the John Doe Defendant and attached it to its motion to dismiss.  Frontier's response was to take the position there should be no discovery while its motion to dismiss was pending[3] and, even throughout the Rule 26(f) meet and confer process, to continue to refuse to identify the John Doe Defendant.  (*See* Doc. 55-1, at p. 2, stressing the importance of identifying the John Doe Defendant so that discovery could be obtained from them immediately.)  Finally, after the Court ordered Frontier to provide Initial Disclosures on September 23, 2019, Energy Acquisitions Group LLC ("EAG') was identified at that time.

The *following day*, Plaintiff sought to substitute EAG for the John Doe Defendant, and though the Court determined that request to be procedurally improper on October 10, 2019, *the following day*, Plaintiff filed a Second Amended Complaint and Plaintiff *simultaneously* served EAG with interrogatories and document requests along with the complaint.  Through no fault of Plaintiff, EAG was not able to produce written responses until December 17, 2020, a month and a half before the close of fact discovery and the class certification deadline, which each were February 3, 2020.  From that point forward, it was impossible for Plaintiff to be any more diligent.  *Later that same night,* Plaintiff sent email correspondence to EAG identifying issues with the responses that Plaintiff sought to meet and confer about.  After the parties met and conferred, EAG then supplemented its discovery responses and provided additional documents on January 6, 2020, less than one month before the

---

[3] If Frontier had its way, discovery would not have started until July 6, 2020 at the earliest.

close of the discovery deadline.  Once again, Plaintiff exercised the utmost diligence, reviewing the responses and documents and following up *the next day*, identifying additional issues he sought to meet and confer about.  Plaintiff then issued a second set of discovery to EAG that was beget by the responses to the first set on January 13, 2020 and, after further meet and confer efforts were unsuccessful, filed a motion to compel on January 15, 2020, which remained pending as the February 3, 2020 deadlines for fact discovery and class certification passed and as the March 6, 2020 deadline for Plaintiff's expert report passed.

Despite all of this, Frontier told the Court in its previous filing opposing Plaintiff's requested extension: "Plaintiff cannot avoid the fact that he did not seek any discovery for months against EAG that he now asserts was necessary for his class certification motion" and Plaintiff's "lack of timely efforts to seek discovery on EAG ... should not be rewarded."  (*See* Doc. 58, pp. 8-9.)  These statements alone should cast doubt on anything Frontier has to say about Plaintiff's diligence.

On April 13, 2020, the Court granted Plaintiff's motion to compel and ordered EAG to produce by April 30, 2020: 1) records of outbound telemarketing calls made by it or its vendor, Team Odd Jobs, on behalf of Frontier; and 2) communications between EAG and Frontier "regarding telemarketing or customer acquisition."  (*See* Doc. 77.)  With respect to the records of outbound telemarketing calls, the Court found that those records were relevant both to merits issues and to class certification—the deadline for which was over two months prior.  (*Id.*)

Prior to the deadlines at issue, Plaintiff filed motions for extensions on January 31, 2020 and March 6, 2020 respectively.  Only Frontier opposed the motion for an extension of the fact discovery and class certification deadlines, although now EAG has apparently changed its position and seeks to oppose extensions it never opposed when requested and briefed.  (*See* Doc. 86.)  Both Frontier and EAG opposed the extension of Plaintiff's expert deadline, with EAG filing a joinder in Frontier's

opposition.  (*See* Docs. 70, 71.)

With respect to Plaintiff's expert deadline, Plaintiff explained that the calling records Plaintiff sought in his pending motion to compel were needed in order to give them to the expert so the expert could analyze them and prepare a report.  (*See* Doc. 67.)  Although the same facts supporting the previously requested extension supported extension of the subsequent expert deadline as well, Plaintiff explained on March 6, 2020 that he had not previously moved to extend the expert deadline back on January 31, 2020 along with the other deadlines because the expert deadline was still over a month away and Plaintiff did not know whether the Court would grant his motion to compel before then such that he could still have his expert prepare a report before the deadline.  (*See id.*)

As Frontier's expert deadline of March 27, 2020 approached, Frontier asked Plaintiff for an extension and Plaintiff simply agreed because he was not going attempt to hold Frontier to deadlines where it didn't yet have the documents needed to meet those deadlines.  Frontier never filed a motion for an extension but sent a letter to the Court two days before the deadline requesting that its deadline be moved.[4]  (*See* Doc. 73.)

During all of the briefing associated with Plaintiff's requests for an extension, Frontier was seeking to stay the case pending the Supreme Court's ruling in *Barr v. Am. Ass'n of Political Consultants, Inc.*  The Court ultimately granted that request on April 13, 2020 and stayed the case aside from the discovery from EAG that was discussed in the Court's ruling on Plaintiff's motion to compel.  (*See* Doc. 76.)  In its Order granting the stay, the Court struck the deadlines listed in the Court's September 16, 2019 Scheduling Order (Doc. 26).  The Court then issued another order denying each of Plaintiff's motions for extensions of the February 3, 2020 and March 6, 2020

---

[4] Notably, for all of Frontier's emphasis in its Proposed Scheduling Order brief (Doc. 83, p. 5) on the Court's requirements for filing motions in advance of deadlines, it did not comply with either the requirement in the Scheduling Order (three days) or the requirement in Your Honor's Policies and Procedures (seven days) by making this request only two days in advance of the deadline.

deadlines as "moot in light of the Court's decision to stay the case and issue a new scheduling order, if

necessary, following a ruling by the Supreme Court …."  (*See* Doc. 78.)

While the primary reason the deadlines in the case schedule could not be met related to

discovery from EAG, Plaintiff also still seeks additional discovery from Frontier.  Essentially, all

Plaintiff still seeks from Frontier (aside from documents and interrogatory responses responsive to

Plaintiff's First Set of Discovery which are still the subject of meet and confer discussions, not at issue

in the motions for an extension) is deposition testimony.  While of course Plaintiff would like the

opportunity to issue additional discovery requests in case something during depositions or in

Frontier's document production begets the need for follow-up discovery requests, Plaintiff does not

currently anticipate that additional discovery requests will be necessary.

Admittedly and regrettably, Plaintiff did not issue a notice of deposition 30 days before the

discovery cutoff.  But he did not do so because the status of discovery—through no fault of Plaintiff—

was such that he did not anticipate anyone would expect a deposition to actually go forward prior to

the discovery cutoff.  In essence, then, Frontier is complaining about Plaintiff not issuing a

placeholder deposition notice with a date nobody expected to be the actual date of the depositions.

The status of discovery from Frontier was as follows.

Plaintiff issued its first set of discovery to Frontier *the day after* the Initial Pretrial Conference,

September 14, 2019.  Frontier did not produce any documents until over two months later, on

December 16, 2019.  Immediately after the holidays, Plaintiff's counsel promptly wrote to Frontier

identifying deficiencies in the production on January 3, 2020.  Notably, this is slightly faster than it

took Frontier to send Plaintiff a letter identifying deficiencies in Plaintiff's production, which it did on

January 10, 2020 after Plaintiff produced documents on December 22, 2019.  Counsel for the parties

were not able to hold a telephone call on deficiencies in Frontier's production until January 17, 2020

after they had difficulties finding a time when counsel for both parties were available, which included Frontier pushing back a scheduled call (although for an apparently legitimate reason).  By that point, through no fault of the Plaintiff, the parties were already within about two weeks from the close of discovery.

The call on January 17, 2020 was somewhat productive, although with respect to Frontier's responses, the parties left a number of issues unresolved, with Frontier's counsel needing to speak further with their client.  The correspondence Frontier sent on January 23, 2020 summarizing the call highlights just how far the parties were from completing discovery with respect to Frontier—again, through no fault of Plaintiff's—less than two weeks from the discovery cutoff.  (*See* Doc. 58-1, pp. 4-6.)  For example, in response to Plaintiff's request for information he or any class members consented to be called, Frontier stated its "investigation is ongoing," despite the discovery cutoff being in less than two weeks.  (*Id.*, p. 5.)  With respect to communications with EAG regarding telemarketing or internal communications regarding EAG, Frontier had not included *any* in its production, and as of January 23, Frontier had still yet to commit to using search terms to narrow the request or to at least give Plaintiff an idea of the universe of documents so he could determine the extent to which search terms were appropriate.  (*Id.*, p. 5.)[5]  Other objections the parties discussed included Frontier limiting the relevant timeframe of its entire production to *one month*—the month of the call—(despite this being a vicarious liability case in which the co-Defendants' relationship in practice over time needs to be examined and despite Frontier requesting Plaintiff to produce documents from 2015 to the present) and limiting the geographic scope of its production to one state (despite this being a nationwide class action), but the parties were beginning to resolve these issues.

While Frontier faults Plaintiff for not noticing depositions prior to January 3, Frontier had only

---

[5] EAG had also made a wholesale objection to producing any communications, which the Court found improper in granting Plaintiff's Motion to Compel on April 13, 2020.  So at this point, Defendants' production of communications was woefully insufficient.

produced a total of *two* emails and had otherwise given Plaintiff no way of knowing the key players so

he could determine an efficient deposition strategy.  Frontier objected to responding to Plaintiff's

interrogatory inquiring who at Frontier was involved in preparing its discovery responses, and Frontier

did not even provide a verification page for its interrogatory responses—something it still has not

done despite Plaintiff's request for it to do so.  While to be sure, Plaintiff could have blindly issued a

Rule 30(b) notice that didn't identify any particular deponents, he still would have insisted upon

Frontier's production of communications before any depositions so that the deponents could be asked

about the communications.  With Frontier not even having agreed to run search terms for more

communications besides the two emails it produced until two weeks out from the fact discovery

cutoff, that simply was not going to happen.

Throughout all of this, the co-Defendants had yet to answer the complaint.  Frontier's and

EAG's motions to dismiss were denied on June 8, 2020 (during the stay pending *Barr*) (Doc. 81), and

Frontier and EAG each answered the complaint three days ago on August 4, 2020.  Nonetheless,

Frontier and EAG seek to prevent Plaintiff from filing a class certification motion, an expert report, or

from issuing any additional discovery.

## LAW AND ARGUMENT

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's

consent."  Fed. R. Civ. P. 16(b)(4).  "The Rule 16(b)(4) good cause inquiry focuses on the diligence of

the party seeking the modification of the scheduling order.  That is, if the moving party was not

diligent, there is no good cause for modifying the scheduling order."  *Exeter Twp. v. Franckowiak*,

No. 5:17-cv-2709, 2018 U.S. Dist. LEXIS 66706, at *9-10 (E.D. Pa. Apr. 20, 2018) (citation omitted).

Plaintiff's diligence is self-evident.  With respect to EAG, hardly a day went by where

Plaintiff could have been any quicker in identifying EAG, adding it to the case, issuing discovery to it,

following up with EAG's counsel, and ultimately moving the Court to compel the documents Plaintiff

needed from EAG for class certification (as well as merits issues) and to prepare his expert report.

The Court has already agreed with Plaintiff that those documents should have been provided;

however, the Court did not order them to be produced until late April, well after the deadlines in

question.

All Frontier can arguably complain about is that Plaintiff could have identified deficiencies in

Frontier's document production a few days faster during the holiday season (even though Frontier

took longer than Plaintiff to identify purported deficiencies in Plaintiff's production), issued a

placeholder deposition notice for depositions that could not have realistically occurred before the

discovery cutoff due to Frontier's deficient production of documents[6], and filed his motion that merely

extended the same reasoning of his previous timely motion for an extension to a subsequent deadline

that was approaching (Doc. 67) three days before the deadline instead of the day of the deadline (even

though when it came time for Frontier to make a similar request, Frontier didn't abide by that rule).

Plaintiff certainly seeks to adhere to this Court's procedures and the requirements of the Scheduling

Order and will be more careful going forward, but to deprive Plaintiff of discovery, the opportunity to

move for class certification, or the ability to file an expert report on these facts would be to elevate

form over substance to a degree that is not warranted.  Despite Plaintiff's diligence, by withholding

critical information, Frontier and EAG made it impossible for Plaintiff to meet the scheduling

deadlines at issue, and they should not be rewarded for doing so.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be GRANTED.

---

[6] Given the Court has ruled that EAG should have provided communications with Frontier related to
telemarketing and customer acquisition, it stands to reason that the Court would agree Frontier should
have provided those as well.

Dated: August 7, 2020                    Respectfully submitted,

                                         **/s/ Jonathan P. Misny**
                                         Joseph F. Murray (327025)
                                         Brian K. Murphy (admitted *pro hac vice*)
                                         Jonathan P. Misny (admitted *pro hac vice*)
                                         Murray Murphy Moul + Basil LLP
                                         1114 Dublin Road
                                         Columbus, OH 43215
                                         Telephone: 614.488.0400
                                         Facsimile: 614.488.0401
                                         E-mail: murray@mmmb.com
                                                 murphy@mmmb.com
                                                 misny@mmmb.com

                                         Marc Davies (81789)
                                         1315 Walnut Street, Suite 320
                                         Philadelphia, PA 19107
                                         Telephone: 215.876.7636
                                         E-mail: marc@marcdavieslaw.com

                                         Anthony I. Paronich (admitted *pro hac vice*)
                                         Paronich Law, P.C.
                                         350 Lincoln Street, Suite 2400
                                         Hingham, MA 02043
                                         508.221.1510
                                         E-mail: anthony@paronichlaw.com

                                         *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, hereby certify that on August 7, 2020, I caused the foregoing to be filed via the Court's

CM/ECF filing system, which will effect service on all counsel of record.

                                         **/s/ Jonathan P. Misny**
                                         Jonathan P. Misny