IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON FREY,<br><br>    Plaintiff,<br><br>    *v.*<br><br>FRONTIER UTILITIES NORTHEAST LLC, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 19-2372-KSM |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                          **January 29, 2021**

Currently before us is Plaintiff Jon Frey's Motion for a Stay, which asks that we stay proceedings in this case pending a ruling by the United States Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-511 (petition granted July 9, 2020). (Doc. No. 92.) Defendants Frontier Utilities Northeast, LLC and Energy Acquisitions Group, LLC oppose the motion. (*See* Doc. Nos. 94, 96.) For the reasons that follow, the motion is granted.

I.

Frey brings a putative class action claim under § 227(b) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. No. 36 at pp. 13–14.) Section 227(b) prohibits any person from, among other things:

> mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii).

The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  *Id.* § 227(a)(1). Federal appellate courts are split on whether the equipment must randomly or sequentially generate numbers to qualify as an ATDS, or merely have the capacity to store numbers and dial them automatically.

In *Facebook v. Duguid*, the Ninth Circuit adopted a broad interpretation of § 227(a)(1), finding that "an ATDS need not be able to use a random or sequential generator to store numbers — it suffices to merely have the capacity to 'store numbers to be called' and 'to dial such numbers automatically.'"  *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1151 (9th Cir. 2019) (quoting *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018)).  With this broad definition in mind, the circuit court held that "Duguid adequately alleges Facebook utilized an ATDS."  *Id.* at 1157.

Facebook petitioned for a writ of certiorari from the United States Supreme Court, raising two questions for the Court's consideration.  The Court agreed to review the case as to the second question:  "Whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'use a random or sequential number generator.'"  *See* Petition for Writ of Certiorari at ii, *Facebook, Inc. v. Duguid*, No. 19-511 (Oct. 17, 2019); *see also Facebook, Inc. v. Duguid*, 141 S. Ct. 193, 193 (2020) (limiting the writ to the second question presented by the petition).  Frey asks that we stay this case pending the Court's ruling on that question.  (*See generally* Doc. No. 92.)

II.

"A United States district court has broad power to stay proceedings," and "[i]n the

exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

"In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. Real Page, Inc.*, No. 15-1520, 2016 WL 9711699 at *1 n.1 (E.D. Pa. Jan. 25, 2016) (quotation marks omitted). "In making our determination, we weigh the following factors: whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and whether granting the stay would further the interest of judicial economy." *Id.* (quotation marks omitted). Courts also consider whether "discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

### III.

The Court finds that these factors weigh in favor of granting the stay. We begin with the third factor: considerations of judicial economy. Because the use of an ATDS is a prerequisite for TCPA liability, the Supreme Court's ruling about the meaning of ATDS may affect the ruling in this case. Defendants argue that *Facebook* will not be dispositive because unlike the Ninth Circuit, the Third Circuit has adopted a narrow view of what constitutes an ATDS. (Doc. No. 94 at pp. 9–12.) They also argue that even if the Supreme Court's ruling affects the prevailing standard in the Third Circuit, it is of little significance in this case because Frey's claim fails for other reasons. (*Id.*)

Without a summary judgment brief before us, the Court will not rule on whether Frey's claim fails regardless of the definition of ATDS. As for Defendants' other argument, even if

the Supreme Court's ruling is not dispositive of this case, it will clarify the meaning of ATDS, and by extension, the scope of liability under the TCPA.  *See Akishev*, 23 F. Supp. 3d at 446 ("[I]f another litigation is pending, courts may, after balancing these factors, hold one lawsuit in abeyance to abide the outcome of another which may *substantially affect* it or *be dispositive* of the issues." (quotation marks omitted)); *Sheridan v. Sirius XM Radio, Inc.*, Civ. No. 15-cv-7576 (WHW)(CLW), 2016 WL 1060361, at *3 (D.N.J. Mar. 16, 2016) (acknowledging that three related cases would not be dispositive of the current case, but granting the stay in any event because they "are likely to substantially affect this litigation").  Indeed, Defendants have repeatedly noted that a dispositive issue in this case is whether an ATDS was used.  (*See, e.g.*, Doc. No. 37 at pp. 15–18; Doc. No. 57 at p. 5.)  The Supreme Court's decision in *Facebook* will certainly inform our ruling on that issue.

Turning to the remaining factors, we find that Defendants will not be substantially harmed by a delay.  For one, the Supreme Court held oral argument in *Facebook* over a month ago, suggesting that the stay will not be in effect for more than a few months.  *Cf. Stokes*, 2016 WL 9711699, at *1 n.1 ("We conclude that Plaintiff and the class will not be prejudiced by a stay, as the Supreme Court has already heard argument in *Spokeo* and will likely issue its decision in that case within the next six months.").  In addition, we note that we previously granted Frontier's own motion to stay this case pending a different Supreme Court ruling.  (*See* Doc. No. 76 (granting stay pending a ruling in *Barr v. American Association of Political Consultants*).)  The Court is not convinced that Frontier will be substantially harmed by an additional few months' delay merely because this time the delay is the result of Frey's motion. *Cf. Quad/Tech, Inc. v. Q.I. Press Controls B.V.*, CIVIL ACTION NO. 09-2561, 2010 WL 11474403, at *1 n.1 (E.D. Pa. June 9, 2010) (granting a motion to stay after finding that the

plaintiff "advanced no prejudice argument other than delay in pursuing the suit" and noting that the plaintiff "made no allegation that the stay would result in dissipation of assets, loss of evidence, or other similarly severe consequences").

Denying the stay, however, could harm both parties, requiring them to expend resources litigating whether Frey was contacted using an ATDS, even though the definition of ATDS is under review.   *Cf. Stokes*, 2016 WL 9711699 at *1 n.1 ("We further conclude that Defendant would suffer a hardship if forced to expend significant resources in litigating this case, since the decision in *Spokeo* may impact the viability of this lawsuit or affect the parameters of the classes Plaintiff seeks to represent." (quotation marks omitted)).   Last, we find that the open issues related to discovery (*see* Doc. No. 93) and the lack of a trial date in this case weigh in favor of granting the stay.

## IV.

For those reasons, the motion is granted and the case is stayed pending a ruling by the Supreme Court in *Facebook, Inc. v. Duguid*.

An appropriate order follows.